STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KELSEY C. DAVIDSON (CABN 322323)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7027
    kelsey.davidson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22-CR-00291-JSC (JCS) |
| Plaintiff, | **[PROPOSED] DETENTION ORDER** |
| v. | |
| ZAYONTA REGINALD CASMIRE, | |
| Defendant. | |

On August 3, 2022, defendant Zayonta Reginald Casmire was charged by Indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

This matter came before the Court on September 8, 2022 for a detention hearing. The defendant was present telephonically and represented by Candis Mitchell. Assistant United States Attorney Kelsey Davidson appeared for the government. The government moved for detention, and the defendant opposed. Before the hearing, the government filed a detention memorandum, *see* Dkt. 6, and pretrial services filed a pre-bail report, *see* Dkt. 7. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of

conditions will reasonably assure the safety of any other person or the community.  Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  The Court makes the following findings as the bases for its conclusion:

The defendant was arrested for being in possession of a loaded firearm.  DNA testing showed there was very strong support that the gun contained his DNA.  Thus, the weight of the evidence supports that he possessed a loaded firearm on June 11, 2022.  Additionally, the defendant has a history of dangerous conduct, including 2016 felony convictions for conspiracy to commit attempted murder, assault, and carrying a loaded firearm.  These convictions were based, in part, on wiretap evidence on which the defendant admitting to using an Uzi—a banned assault weapon in California—and bringing it to a club (although he left it in the car).  Since being released on parole, the defendant has repeatedly violated his parole, including by possessing a firearm, committing identity theft, and associating with known gang members.  As noted by pretrial services, the defendant is still an active gang member.  The defendant was also on parole when he was arrested for the instant offense.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding; and

4. The U.S. Marshals investigate alternative facilities that could detain the defendant given his medical issues.

IT IS SO ORDERED.

DATED: September 9, 2022

_____
HONORABLE JOSEPH C. SPERO
United States Chief Magistrate Judge